NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0470n.06

No. 24-2087

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Oct 16, 2025
KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| AMIR KARIM BEIGALI, | ) | MICHIGAN |
| Defendant-Appellant. | ) | |
| | ) | OPINION |

Before: GRIFFIN, THAPAR, and MATHIS, Circuit Judges.

PER CURIAM. Amir Karim Beigali appeals the district court's order denying his motion for a sentence reduction filed under 18 U.S.C. § 3582(c)(1)(A) and (c)(2). As set forth below, we affirm.

In 1997, Beigali pleaded guilty to armed bank robbery, in violation of 18 U.S.C. § 2113, and using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). *United States v. Beigali*, No. 6:97-cr-43 (M.D. Fla. Oct. 22, 1997). The district court sentenced him to 105 months of imprisonment, which included the mandatory consecutive five-year term for the § 924(c) conviction, *see* 18 U.S.C. § 924(c)(1) (1997), followed by five years of supervised release. Beigali did not appeal.

As his prison term came to an end, Beigali approached a fellow inmate and proposed that the two start a drug operation when released. *United States v. Beigali*, 405 F. App'x 7, 9 (6th Cir. 2010) (per curiam). While serving his term of supervised release in Florida in 2005, Beigali

arranged to buy several kilograms of cocaine from a confidential informant in Michigan. *Id.* A federal grand jury in the Eastern District of Michigan subsequently charged him with attempting to possess with intent to distribute 5 or more kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and possessing a firearm during and in relation to a drug-trafficking crime, in violation of 18 U.S.C. § 924(c). Beigali proceeded to trial and was convicted on both counts. The district court sentenced him to a total of 420 months of imprisonment, which included the mandatory consecutive 25-year term for his second § 924(c) conviction, *see* 18 U.S.C. § 924(c)(1)(C)(i) (2009), followed by eight years of supervised release. Beigali also received a consecutive two-year prison term for violating the terms of his supervised release in his prior federal case. We affirmed his conviction and sentence. *Beigali*, 405 F. App'x 7.

In 2021, Beigali moved for compassionate release under § 3582(c)(1)(A) based in part on the First Step Act's amendment of § 924(c)(1)(C)'s "stacking" provision. *See* Pub. L. No. 115-391, § 403(a), 132 Stat. 5194, 5221-22 (2018). That provision previously required a consecutive 25-year sentence for any "second or subsequent conviction under this subsection." The First Step Act struck that language and replaced it with a "violation of this subsection that occurs after a prior conviction under this subsection has become final." Beigali argued that his prior § 924(c) conviction was not "final" at the time of his sentencing in this case because he was still serving a term of supervised release for his prior conviction. As a result, he argued, the mandatory consecutive 25-year sentence would not apply if he were sentenced today. Denying Beigali's motion for compassionate release, the district court rejected his argument that the First Step Act's amendment of § 924(c)(1)(C)'s "stacking" provision constituted an extraordinary and compelling reason for his release. We affirmed. *United States v. Beigali*, No. 21-2917, 2022 WL 710213 (6th Cir. Mar. 9, 2022) (order), *cert. denied*, 142 S. Ct. 2885 (2022).

Two years later, Beigali moved for a sentence reduction under § 3582(c)(1)(A) and (c)(2). Beigali based his motion on Amendment 814 to the Sentencing Guidelines, which amended USSG § 1B1.13, the policy statement addressing sentence reductions under § 3582(c)(1)(A). The Amendment provides that an "unusually long sentence" may, in some circumstances, constitute an extraordinary and compelling reason for a sentence reduction:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

USSG § 1B1.13(b)(6). Beigali argued that he qualified for a sentence reduction under this policy statement because he has served at least ten years of an "unusually long sentence" unlikely to be imposed today in light of the First Step Act's amendment of § 924(c)(1)(C)'s "stacking" provision. Beigali also based his motion on Amendment 821, which amended USSG § 4A1.1 to reduce the number of criminal history points a defendant receives if he commits an offense while under a criminal justice sentence. *See* USSG § 4A1.1(e).

The district court denied Beigali's motion for a sentence reduction. With respect to Amendment 814, the district court concluded that Beigali did not qualify for a sentence reduction under USSG § 1B1.13(b)(6). That is because his sentence became final in 1997, so he would still be subject to the mandatory consecutive 25-year term if he were sentenced today under the First Step Act. *See United States v. Richardson*, 948 F.3d 733, 752 (6th Cir. 2020). And even if Amendment 821 reduced Beigali's criminal history score, his new score would not change his sentence because he received the statutory minimum term of 25 years in prison for his § 924(c) conviction. *See* 18 U.S.C. § 3582(c)(2); USSG §§ 1B1.10(a)(2)(B), 2K2.4(b).

Beigali timely appealed the district court's order and retained appellate counsel. In his counseled brief, Beigali argues that his prior § 924(c) conviction was not "final" when he was charged in this case and that the First Step Act's amendment of § 924(c)(1)(C)'s "stacking" provision could therefore apply to him in the context of a § 3582(c)(1)(A) motion. But we rejected this same argument in Beigali's appeal from the denial of his motion for compassionate release:

> Here, Beigali's prior § 924(c) conviction was final when he committed the § 924(c) violation in this case, despite the fact that he was still on supervised release for the prior conviction, because the Florida district court entered a judgment of conviction in that case in 1997, and he did not appeal. Consequently, Beigali would have received the same 25-year consecutive sentence under the amended § 924(c)(1)(C)(i).

*Beigali*, 2022 WL 710213, at * 4 (relying on *Richardson*, 948 F.3d at 751 for the proposition that a prior § 924(c) conviction is "final" when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied" (quotation omitted)). The law-of-the-case doctrine precludes our reconsideration of this issue. *See Moody v. Mich. Gaming Control Bd.*, 871 F.3d 420, 425 (6th Cir. 2017).

Beigali's counseled brief does not address his arguments about his "unusually long sentence" under USSG § 1B1.13(b)(6) or his reduced status points under Amendment 821, so he has forfeited them. *See Scott v. First S. Nat'l Bank*, 936 F.3d 509, 522 (6th Cir. 2019). Nevertheless, these arguments would fail. Since Beigali filed this appeal, we have held that USSG § 1B1.13(b)(6) is invalid. *United States v. Bricker*, 135 F.4th 427, 430 (6th Cir. 2025), *petition for cert. filed* (U.S. July 22, 2025) (No. 25-81). And any reduction in Beigali's status points under Amendment 821 would not affect the statutorily required sentence for his § 924(c) conviction. *See* 18 U.S.C. § 3582(c)(2); USSG §§ 1B1.10(a)(2)(B), 2K2.4(b).

For these reasons, we **AFFIRM** the district court's order denying Beigali's motion for a sentence reduction.